UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO TORRES HUERTA,<br>Petitioner,<br>v.<br>FACILITY ADMINISTRATOR, CENTRAL VALLEY ANNEX ICE PROCESSING CENTER,<br>Respondent. | Case No. 1:26-cv-04609 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Before the Court is Petitioner Ramiro Torres Huerta's Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 1 at 8. For the reasons that follow, the Court GRANTS the petition and orders Petitioner's immediate release.

Petitioner is a native of Mexico who entered the United States in August 2015 without inspection by immigration authorities. *See* Dkt. No. 6-1 at 2. He has lived in the United States for the past eleven years, and has developed significant community ties in the interim. His wife and children live in the United States and, prior to his arrest by ICE, he was the primary financial support for his family. *See* Dkt. No. 1 at 7.

On April 11, 2026, Petitioner was pulled over by police for driving with an expired vehicle registration. *Id*. at 6; Dkt. No. 6-1 at 2. After inquiring into his immigration status, the police officer placed Petitioner under arrested and transferred him to ICE custody. Dkt. No. 6-1 at 2. ICE served Petitioner with a Notice to Appear charging him as inadmissible, and placing

him in removal proceedings, approximately two weeks after he was arrested and detained. *See* Dkt. No. 6-2 at 1.

Respondents maintain that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. 6 at 2. As such, Petitioner has not been provided a bond hearing, nor does it appear that an immigration officer has made any individualized finding of dangerousness or risk of flight if Petitioner is released. Petitioner argues that Respondents' failure to provide him with a bond hearing or make any kind of individualized custody determination is unlawful. *See* Dkt. No. 1 at 8; Dkt. No. 7 at 5–7.

The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 183 F.4th 1160, 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination by an immigration officer, and a bond hearing. *Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting *Jacobo-Ramirez v. Mullin*, — F. Supp. 3d —, 2026 WL 879799 (D. Nev. 2026)). As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2)(A), and have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, his continued detention without any kind of custody determination is unlawful. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or that a custody determination was

made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (granting immediate release where Government denied that petitioner was detained under § 1226); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public).

Accordingly, the Amended Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If the federal government seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This order resolves all pending motions.[1]

**IT IS SO ORDERED.**

Dated: September 16, 2026

VINCE CHHABRIA
United States District Judge

[1] This Order does not consider the materials submitted at Dkt. No. 8, which were filed by a non-party who is not an attorney, and has not been appointed to serve as counsel in this matter. The Clerk of this Court is directed to permanently seal the filing to the public as it discloses the name, address, and medical records of a minor child who is not a party to this action.